IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDGAR DUVALL,

        Plaintiff,

    v.                           No. 05 C 5657

TYCO ADHESIVES GP HOLDINGS, INC.,
and SIMPLEXGRINNEL LP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Edgar Duvall alleges that his former employer, defendant SimplexGrinnell LP,[1] defamed him following his resignation. The allegedly defamatory statements related to plaintiff's use of illegal drugs. The parties agree that the substantive law applicable to plaintiff's claim is Illinois law. Defendant has moved for summary judgment. Defendant has also moved to strike plaintiff's Local Rule 56.1(b)(3)(C) statement of additional facts and certain paragraphs of defendant's Local Rule 56.1(b)(3)(B) response to defendant's statement of facts.

On a motion for summary judgment, the entire record is considered with all reasonable inferences drawn in favor of the

---

[1] Other defendants were voluntarily dismissed after this case was removed from state court.

nonmovant and all factual disputes resolved in favor of the nonmovant. Scott v. Harris, 127 S. Ct. 1769, 1774, 1776 (2007); Scaife v. Cook County, 446 F.3d 735, 738-39 (7th Cir. 2006). The burden of establishing a lack of any genuine issue of material fact rests on the movant. Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer, 472 F.3d 943, 946 (7th Cir. 2007); Outlaw v. Newkirk, 259 F.3d 833, 837 (7th Cir. 2001). The nonmovant, however, must make a showing sufficient to establish any essential element for which he will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Jumer, 472 F.3d at 946; Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006), cert. denied, 127 S. Ct. 2947 (June 11, 2007). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. Celotex, 477 U.S. at 324. Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. See Yasak v. Retirement Board of Policemen's Annuity & Benefit Fund of Chicago, 357 F.3d 677, 679 (7th Cir. 2004); NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 236 (7th Cir.), cert. denied, 515 U.S. 1104 (1995); Covalt v. Carey Canada, Inc., 950 F.2d 481, 485 (7th Cir. 1991); Collins v. Associated Pathologists, Ltd., 844 F.2d 473, 476-77 (7th Cir.), cert. denied, 488 U.S. 852 (1988); Shyman v. UNUM Life Insurance Co. of America, 2004 WL 609280 *2 (N.D. Ill.

March 25, 2004), aff'd, 427 F.3d 452 (7th Cir. 2005). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Logan v. Commercial Union Ins. Co., 96 F.3d 971, 978 (7th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325, 106 S. Ct. 2548. Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" Logan, 96 F.3d at 978. "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." Id. (citation omitted). In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted). Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken

> as a whole could not lead a rational trier of
> fact to find for the non-moving party . . . .'"
> Logan, 96 F.3d at 978 (quoting Matsushita Elec.
> Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S.
> 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538
> (1986)).

Outlaw, 259 F.3d at 837.

Approximately two-and-one-half months prior to plaintiff filing his statement of additional facts, Local Rule 56.1 was amended to limit such statements to 40 paragraphs or less unless leave of court is obtained to file more. See N.D. Ill. Loc. R. 56.1(b)(3)(C). Plaintiff's statement contains 138 paragraphs, most of which are one-sentence long and few contain more than two sentences. It is within this court's discretion as to how strictly to enforce its own Local Rules, including Local Rule 56.1. Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 527 (7th Cir. 2000); Best Vacuum, Inc. v. Ian Design, Inc., 2006 WL 3486879 *2-3 (N.D. Ill. Nov. 29, 2006); Perry v. Bodman, 2006 WL 1460003 *2 (N.D. Ill. May 23, 2006); Nicholas v. Acuity Lighting Group, Inc., 2005 WL 280341 *14 (S.D. Ind. Jan. 4, 2005); Traum v. Equitable Life Assurance Society of United States, 240 F. Supp. 2d 776, 780 (N.D. Ill. 2002). Plaintiff apparently was unaware of the recently passed rule. While the statement of additional facts contains many facts immaterial to the issue before the court, it is not so lengthy as to be exceptionally burdensome. This is not a case involving

complicated material facts. Even if the statement of additional facts were to be ignored, all or nearly all of the pertinent citations to the record are included in plaintiff's answer brief itself.² The court declines to strike the statement of additional facts. Cf. Best Vacuum, supra; Nicholas, supra.

Since it moved to strike the statement of additional facts, defendant did not file any response to it. Ordinarily, the failure to respond would leave the facts contained therein deemed to be true for purposes of summary judgment. See N.D. Ill. Loc. R. 56.1(a) (last paragraph). However, all or most of the key factual assertions are also contained in plaintiff's response to defendant's statement of facts. In its reply, defendant has responded to the factual assertions contained in plaintiff's response, contending many are unsupported or only supported by inadmissible hearsay. Those contentions will be considered regarding plaintiff's factual assertions, regardless of whether the factual assertions are contained in plaintiff's brief or one of his Rule 56.1(b) statements. Defendant also seeks to strike certain of the responsive paragraphs because not concise and not properly supported. The court declines to strike any of the statements, but will only find genuine factual

---

²Even with the factual discussion and citations to the record, the answer brief is only 8 pages long, well under the 15-page limit allowed by Local Rule 7.1.

disputes to the extent adequate support is contained in the record.

One more preliminary issue will be addressed. Primarily relying on Illinois procedural law, defendant contends plaintiff cannot rely on any purported defamatory statements that are not specifically alleged in the complaint. See Doherty v. Kahn, 289 Ill. App. 3d 544, 682 N.E.2d 163, 172 (1st Dist. 1997). Defendant also cites a federal case that applies this rule. See McKay v. Town & Country Cadillac, Inc., 2002 WL 1611578 *6 (N.D. Ill. July 17, 2002). On pleading issues, however, federal procedural law applies and federal law only requires notice pleading of the substance of defamation claims; no heightened pleading standard applies to such claims when brought in federal court. Muzikowski v. Paramount Pictures Corp., 322 F.3d 918, 926 (7th Cir. 2003); Medical Informatics Engineering, Inc. v. Orthopaedics Northeast, P.C., 458 F. Supp. 2d 716, 722 (N.D. Ind. 2006). Federal pleading rules apply even when, as here, the complaint before the court was initially filed in state court and the case removed to federal court. Rossario's Fine Jewelry, Inc. v. Paddock Publications, Inc., 443 F. Supp. 2d 976, 978 (N.D. Ill. 2006). Plaintiff is not limited to relying on the one statement alleged in his complaint.

In light of the above procedures, the facts taken as true for purposes of ruling on defendant's motion for summary judgment

are as follows. Except for an eight-month period, plaintiff had worked for defendant since 1981. As of 2004, plaintiff worked as a suppression manager in defendant's Peoria District office located in East Peoria, Illinois. On March 19, 2004, plaintiff was involved in an automobile accident while working. A post-accident test was positive for marijuana. Effective the date of the accident, defendant placed plaintiff on probation for one year and prohibited him from operating a company vehicle for 90 days. Plaintiff was also subject to being randomly tested for drugs and would be discharged if he tested positive. Dave Ringland, whose job title was Total Service Manager, was responsible for imposing the probation and administering its requirements.

It is undisputed that plaintiff first smoked marijuana when he was 20 years old and had told Ringland that he used it off and on for close to 30 years. On summary judgment, plaintiff's testimony that he had not used marijuana since early February 2004 must be taken as true.[3] His blood levels indicating marijuana use decreased thereafter.[4]

---

[3]Ringland would testify that plaintiff admitted use later than that, but defendant recognizes that, for purposes of defendant's summary judgment motion, plaintiff's contrary testimony is taken as true.

[4]No expert testimony is presented, but defendant does not dispute that marijuana use could be disclosed in a blood test taken at the time of the accident, four to six weeks after plaintiff had last smoked marijuana.

As of August 2, 2004, plaintiff was expecting to transfer to a suppression manager position in defendant's St. Louis office. On that date, as plaintiff was about to leave the Peoria office to go meet with a company official in the St. Louis office, Ringland called plaintiff into his office. They went to Ringland's car and plaintiff realized that he was being taken for his first random drug test. Plaintiff did not like how Ringland treated him and found his treatment in the Peoria office to be demeaning, including being implicitly questioned as to whether he had actually stopped using marijuana. Since plaintiff expected to be hired by the St. Louis office, he resigned rather than take the drug test. Although telling Ringland more than once that he was resigning, plaintiff agreed to go to the drug testing facility. After filling a testing cup with urine, plaintiff firmly decided he would rather resign than be tested and therefore disposed of the sample without it being tested. Plaintiff then returned to the office with Ringland and signed a letter of resignation.

On summary judgment, the principal dispute regarding the adequacy of factual support concerns statements defendant made regarding plaintiff's drug use. Defendant does not dispute plaintiff's legal contention that it may be liable for statements made by its employees and that communications within the company may satisfy the publication requirement for defamation.

Defendant does not contend that any of the communications are privileged. Defendant disputes what statements were made and whether any statements were false. Defendant argues that plaintiff provides insufficient evidentiary support for the statements he contends were made.

The parties agree that, on the same day that plaintiff resigned, Ringland later called the other Peoria office employees into a conference room to inform them about plaintiff's resignation. There is inconsistent testimony regarding what Ringland said at this meeting. On summary judgment, the inconsistencies must be resolved in plaintiff's favor. Admissible evidence supports that Ringland told the employees that plaintiff resigned because he had a substance abuse problem and that he resigned instead of taking the drug test because he believed he would fail it. Bouchez Dep. at 6.[5] Ringland also told the employees that plaintiff had tested positive for drugs after being in the March 2004 accident. Helmer Dep. at 7-8. Additionally, Ringland told employees that plaintiff admitted he had had drug problems throughout his life. Id. at 8. In an August 2, 2004 e-mail to Human Resources Manager Scott Nally, Ringland wrote that plaintiff had stated that there was no point

---

[5]Although Bouchez then expressed doubt about her memory of exactly what Ringland said, see Bouchez Dep. at 7, a reasonable trier of fact could choose to believe her initial response as to what Ringland said.

in taking the drug test because he would test positive. Pl. Exh. A.98. Based on this last representation, Nally coded plaintiff's personnel file as not eligible for rehire.

Plaintiff's own testimony as to what others, including some not in attendance, told him was said at the August 2 meeting is not adequate support for what was said at the meeting. Such testimony is hearsay and double hearsay. Plaintiff does not establish that any of the reports to him as to what was said at the meeting would be admissible under Fed. R. Evid. 801(d)(2)(D). Plaintiff does not provide sufficient support for his contention Ringland told the employees that plaintiff had specifically admitted to using marijuana the weekend prior to August 2. There is also insufficient support for the contention that Ringland stated that plaintiff was a drug addict whose addiction impaired plaintiff's job performance.

The next question is whether any of the statements that were made are true. Truth is a defense to a defamation claim. The burden is on defendant to establish the substantial truth of the statements, which is that the "gist" or "sting" of each statement is true. Harrison v. Chicago Sun-Times, Inc., 341 Ill. App. 3d 555, 793 N.E.2d 760, 766 (1st Dist. 2003), appeal denied, 207 Ill. 2d 601, 807 N.E.2d 974 (2004); Global Relief Foundation, Inc. v. New York Times Co., 390 F.3d 973, 982 (7th Cir. 2004).

The statement that plaintiff had been in an accident and then tested positive for drugs is true. The defamation claim will be dismissed to the extent it is based on this statement.

On the facts assumed to be true for summary judgment, plaintiff did not decline to take the drug test because he believed he would test positive. Plaintiff had not used drugs for nearly six months as of August 2, 2004. Plaintiff may continue to pursue his defamation claim based on the alleged statement at the employee meeting and statement in the email that he said he declined to take the drug test because he expected to test positive.

Plaintiff can also continue to pursue his defamation claim based on the statement that, at the time he resigned, plaintiff had a substance abuse problem. At the time he resigned, plaintiff had not used any drugs for nearly six months. While recognizing that an abstaining, recovering drug addict might still be considered a person with a drug problem,[6] the ordinary meaning of having a substance abuse problem is that the person is still using the substance. Cf. McKay, 2002 WL 1611578 at *6 (it is a question for the finder of fact whether it is

---

[6]This is not meant to imply that plaintiff himself is a drug addict.

substantially true that an abstaining, recovering alcoholic is a "drunk").

The last statement is that plaintiff had admitted that he had drug problems throughout his life. Plaintiff did admit to using marijuana off and on for approximately 30 years. That is different from admitting to having a drug problem, which implies addiction or at least frequent or regular use. Also, in context, the statement indicated that plaintiff was still using drugs, which was not true. The claim based on this statement will not be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to strike [32] is denied. Defendant's motion for summary judgment [22] is granted in part and denied in part. Plaintiff's defamation claim is limited to the statements that (a) plaintiff declined to take a drug test because he believed he would fail it; (b) plaintiff had a substance abuse problem as of August 2, 2004, and (c) plaintiff had had a drug problem throughout his life. In open court on August 29, 2007 at 11:00 a.m., the parties shall submit an original and one copy of a final pretrial order in full compliance with Local Rule 16.1 and Local Rule Form 16.1.1, including trial briefs, proposed voir dire questions (if there is to be a jury), motions in limine with

supporting briefs, and proposed jury instructions or proposed findings of fact and conclusions of law.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JULY 12, 2007